UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT MCCLINTOCK,<br><br>Plaintiff,<br><br>v.<br><br>G. VALENCIA, et al.,<br><br>Defendants. | No. 2:22-cv-1884 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On January 30, 2023, plaintiff sua sponte filed an amended complaint.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1 account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
2 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
3 U.S.C. § 1915(b)(2).
4 Screening Standards
5       The court is required to screen complaints brought by prisoners seeking relief against a
6 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
7 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
8 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19 1227.
20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts
27 are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
28 . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in several ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

### Plaintiff's Complaint

Plaintiff's complaint names seventeen defendants, and claims all defendants retaliated against plaintiff for pursuing earlier claims. (ECF No. 1, passim.) However, except for defendants G. Valencia, L. Cantu, and T. Cooper, plaintiff provided no specific facts demonstrating that each named defendant took actions adverse to plaintiff because of plaintiff's protected conduct.[1] In his first two claims, plaintiff alleges that defendants Valencia and L.

---

[1] Both L. Cantu and T. Cooper were named as defendants in McClintock v. Cooper, 2:18-cv-0560 DAD KJN (E.D. Cal.).

3

Cantu fabricated an anonymous note threatening staff and blamed it on plaintiff in retaliation for plaintiff's lawsuit case 2:18-cv-0560 DAD KJN (E.D. Cal.); in his tenth claim, plaintiff alleges that defendant T. Cooper also retaliated for the lawsuit by falsely claiming to have witnessed plaintiff's threat. (ECF No. 9 at 15-17, 29.) As punishment, plaintiff was sent to administrative segregation for about ten weeks, with a sign on his cell door that read "inmate threatened to murder staff," and plaintiff suffered numerous restrictions. The remaining defendants were involved in other incidents unrelated to the alleged writing of the fabricated note; for example, issuing a "bogus" rules violation report charging plaintiff with refusing housing, and then, upon his release from administrative segregation, forcing plaintiff to bunk with an incompatible, violent, and predatory inmate from whom plaintiff contracted COVID-19, and who allegedly assaulted plaintiff on numerous occasions; and on a separate occasion, a defendant allegedly confiscated and destroyed a box of plaintiff's legal property. Plaintiff claims he sustained physical injuries, post-traumatic stress syndrome, chest and abdominal pains, lost thirty pounds, lost good time credits and had his incarceration record marred, including a permanent record branding plaintiff at high risk of violence. (ECF No. 9 at 15, 17.) Plaintiff seeks money damages and declaratory relief. (ECF No. 9 at 38.)

Retaliation Claims

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's Prior Case

In plaintiff's prior civil rights case, plaintiff attempted, on several occasions, to bring the very same claims he raises here against multiple defendants. McClintock v. G. Valencia, 2:21-

cv-0850 TLN EFB (E.D. Cal.), passim. Initially, plaintiff was cautioned that "a 'scattershot' approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court." Id. (ECF No. 10 at 3.) Plaintiff was informed that he cannot pursue unrelated claims in the same lawsuit. Id. (Orders filed February 2, 2022, and May 24, 2022).[2] And, on May 24, 2022, plaintiff was also informed that he must pursue his deliberate indifference claims against defendants Vega, Coker, Charon, and Associate Warden Cantu in an action separate from his retaliation claims against defendants Valencia and L. Cantu. Id. (ECF No. 22 at 2.) Ultimately, plaintiff's case was dismissed without prejudice on August 16, 2022, based on plaintiff's failure to file a fourth amended complaint. Id. (ECF Nos. 24, 27.)

Cognizable Claim

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable First Amendment claims against defendants Valencia, L. Cantu, and T. Cooper. See 28 U.S.C. § 1915A.

Remaining Claims

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants. The claims against those defendants are dismissed with leave to amend.

As plaintiff was previously informed, plaintiff's claims are not properly raised in the same action. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims arose from different incidents involving different defendants, and therefore are not properly joined in one action.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Valencia, L. Cantu, and T. Cooper and pursue his retaliation claims against only those defendants, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against some or all the remaining defendants, provided such claim is related to plaintiff's First Amendment claims against defendants Valencia, L. Cantu, and T. Cooper.

If plaintiff elects to attempt to amend his pleading to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend.

If plaintiff elects to proceed forthwith against defendants Valencia, L. Cantu, and T. Cooper, against whom he stated a potentially cognizable claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the remaining defendants without prejudice.

Any second amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The second amended complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been

explicitly set forth in the second amended complaint.

The second amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff should only include claims that are properly related to his First Amendment claims against defendants Valencia, L. Cantu, and T. Cooper. Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are

not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Defendants J. Cantu, G. McCarthy, C. Weaver, K. Luther, L. Hadden, J. Vega, T. Coker, J. Charon, J. Austin, Mercado, Mohr, R. Covello, R. Diaz, and K. Allison are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend the

complaint to attempt to state cognizable claims that are related to plaintiff's First Amendment claims against defendants G. Valencia, L. Cantu, and T. Cooper. Plaintiff is not required to amend the complaint.

    4. The allegations in the pleading are sufficient to state potentially cognizable First Amendment claims against defendants G. Valencia, L. Cantu, and T. Cooper. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such First Amendment claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the remaining defendants without prejudice.

    5. Failure to comply with this order will result in a recommendation that the remaining defendants be dismissed without prejudice, and this action will proceed solely on plaintiff's First Amendment claims against defendants Valencia, L. Cantu, and T. Cooper.

Dated: March 3, 2023

/mccl1884.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCOTT MCCLINTOCK, | No. 2:22-cv-1884 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| G. VALENCIA, et al., | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____ Plaintiff opts to proceed with his First Amendment claims against defendants G. Valencia, L. Cantu, and T. Cooper.

_____ Plaintiff consents to dismissal of the remaining defendants without prejudice.

**OR**

_____ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
Plaintiff