UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John McClintock,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. Valencia, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-01884 KJM CSK P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 21, 2023, the magistrate judge filed findings and recommendations, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court adopts the findings and recommendations with respect to whether plaintiff has sufficiently stated a claim for relief.  However, the court declines to adopt the recommendations to sever the plaintiff's claims,

/////

1

1  *see* F. & R. at 22, ECF No. 15, and to dismiss the remaining claims without prejudice, *id.* at 22-23.

A party may bring "as many claims as it has against an opposing party." *See* Fed. R. Civ. P. 18(a).  Additionally, persons may be joined as defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Plaintiff seeks relief against defendants for injuries arising out of the same series of transactions or occurrences involving an alleged "bogus note," falsified state forms, the subsequent administrative proceedings and plaintiff's placement in administrative segregation due to the note and state forms, and destruction of legal/confidential property.  *See generally* First Am. Compl., ECF No. 9.  Many of the incidents occurred on the same date—June 10, 2020. *See id.*  The court cannot find there was misjoinder.  The injuries plaintiff suffered allegedly arose out of the same series of transactions or occurrences and there are questions of law and fact common to all defendants.  Moreover, plaintiff is permitted to bring as many claims as he has against each defendant.

The magistrate judge recommended dismissing some of plaintiff's claims with prejudice and found the remaining claims are not related to each other.  *See* F. & R. at 8–22.  First, the magistrate judge did not consider whether the court should grant leave to amend.  "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal marks and citations).  The court finds the deficiencies of the complaint could be cured by amendment and therefore grants leave to amend.

Second, the magistrate judge recommended severing unrelated claims against certain defendants after recommending the dismissal of claims against those defendants that are related to

2

the surviving claims.  If plaintiff does cure the deficiencies identified in the findings and recommendations, plaintiff's claims against all the defendants would be related, and while some claims may be unrelated, once properly joined, plaintiff may bring as many claims as it has against an opposing party.  *See Patagonia, Inc. v. Walmart, Inc.*, No. 22-07311, 2023 WL 6852028, at *4 (C.D. Cal. Aug. 17, 2023) (holding similarly and collecting authority).  The court declines to exercise its jurisdiction to sever the claims now.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 15) are adopted in part.
2. This action proceeds on the following claims:
   a. First Amendment retaliation claims as to defendants G. Valencia, L. Cantu and T. Cooper (claims one, two and ten);
   b. Plaintiff's claim that defendants Weaver, Luther and Hadden confiscated and destroyed a box of plaintiff's legal materials in retaliation for plaintiff pursuing litigation as evidenced by the materials in the box that were clearly labeled (claims five, six and seven); and
   c. Plaintiff's claim that in August of 2020, defendants J. Cantu, Vega, Sgt. T. Coker, and Lt. J. Caron violated plaintiff's rights by orchestrating the placement of a violent and unstable Level IV inmate into plaintiff's cell, failing to protect plaintiff from harm (claims three, eight, and nine).
3. All remaining claims and subclaims are dismissed with leave to amend.  Plaintiff may file an amended complaint within **thirty (30) days** of receiving this order.  "[A]n amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4(2009).  Therefore, the amended complaint must be complete in itself without reference to any earlier filed complaint.  *See* E.D. Cal. L.R. 220.
4. This matter is referred back to the assigned magistrate judge for further pre-trial proceedings consistent with this order.

DATED:  May 23, 2024.

CHIEF UNITED STATES DISTRICT JUDGE