UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCLINTOCK,<br><br>Plaintiff,<br><br>v.<br><br>G. VALENCIA, et al.,<br><br>Defendants. | No.  2:22-cv-1884 KJM CSK P<br><br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  On December 4, 2024, plaintiff filed a motion styled "Motion for Admissions," and on December 13, 2024, plaintiff filed a motion styled "Motion [for] Public Records' Disclosure of each Defendant." (ECF Nos. 35, 38.)  As discussed below, plaintiff's motions are denied.

I.      BACKGROUND

This case proceeds on the following claims:  (1) First Amendment retaliation claims as to defendants G. Valencia, L. Cantu, and T. Cooper (claims one, two and ten); (2) Plaintiff's claim that defendants Weaver, Luther and Hadden confiscated and destroyed a box of plaintiff's legal materials in retaliation for plaintiff pursuing litigation as evidenced by the materials in the box that were clearly labeled (claims five, six and seven); and (3) Plaintiff's claim that in August of 2020, defendants J. Cantu, Vega, Sgt. T. Coker, and Lt. J. Charon violated plaintiff's rights by

1

orchestrating the placement of a violent and unstable Level IV inmate into plaintiff's cell, failing to protect plaintiff from harm (claims three, eight, and nine).  (See ECF No. 20 at 3.)  These ten defendants were served, and the case was stayed pending referral to the Post-Screening ADR Project.  (ECF No. 27.)

On November 7, 2024, defendants were granted leave to opt out of the Post-Screening ADR Project, the stay was lifted, and defendants were ordered to file a responsive pleading within thirty days.  (ECF No. 31.)  On December 3, 2024, all ten defendants were granted an extension of time until January 3, 2025, in which to file a responsive pleading.  (ECF No. 34.)

## II.    MOTION FOR ADMISSIONS

Plaintiff asks the Court to clarify whether all defendants were served with summons, and requests that he be provided with the date and time the summons were served, as well as with the badge numbers, birth dates, and contact information for each defendant, and to specify whether each defendant is represented by counsel.  (ECF No. 35.)  On December 12, 2024, counsel for defendants filed a response, objecting to plaintiff's request for personal information, stating that defendants' responsive pleading is not due until January 3, 2025, and therefore the case is not yet at issue, and arguing that any request for discovery is premature.  (Id.)

Defendants' objections are well taken.  Plaintiff's motion crossed in the mail with the Court's order granting all ten defendants an extension of time to file a responsive pleading.  Until defendants file their responsive pleading, this case is not yet at issue.

To the extent plaintiff is attempting to discover information about defendants, his motion is premature and procedurally improper.  Plaintiff is not permitted to conduct discovery until after an answer is filed and the Court has issued a discovery and scheduling order.  Moreover, once the discovery and scheduling order has issued, court permission is not necessary for discovery requests.  At that time, discovery requests served on an opposing party and that party's responses should not be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

For the above reasons, plaintiff's motion for admissions is denied.  (ECF No. 35.)

1    III.    MOTION FOR PUBLIC RECORDS

2        Plaintiff seeks disclosure of all public records for each defendant "concerning the conduct

3    of each defendant" under the California Public Records Act ("CPRA"), Government Code

4    sections 7920.000 et seq., which provides for the inspection of public records maintained by state

5    and local agencies.  (ECF No. 38 at 1.)  However, as noted above, this case is not yet at issue, so

6    motion practice is premature.  In addition, plaintiff is advised that requests for public records are

7    to be made to the state agency from which plaintiff seeks documents under California

8    Government Code sections 7922.525 to 7922.545, not to the federal court.  Martinez v. Garsha,

9    2013 WL 5519590, at *4 (E.D. Cal. Oct. 3, 2013) ("A CPRA request is made to an agency . . . .").

10   Further, if plaintiff is dissatisfied with a response to a request under the CPRA, his sole recourse

11   lies in state court.  An alleged wrongful denial of a CPRA request would not establish a violation

12   of constitutional rights.  See Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978) ("Neither the First

13   Amendment nor the Fourteenth Amendment mandates a right of access to government

14   information or sources of information within the government's control.").  Plaintiff cannot

15   attempt to enforce compliance with a CPRA request by filing a motion to compel defendants to

16   comply with a CPRA request.  See Ramirez v. Gutierrez, 2021 WL 4776332, at *3 (S.D. Cal. Oct.

17   12, 2021) (citations omitted).  Plaintiff's sole remedy for denial of a proper CPRA request "is to

18   file a writ of mandamus in state court and money damages are not an available remedy."  Brooks

19   v. Vallejo City Unified Sch. Dist., 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) (citation

20   omitted), report and recommendation adopted, Brooks v. Vallejo City Unified Sch. Dist., 2013

21   WL 1330516 (E.D. Cal. Mar. 29, 2013).

22       Therefore, plaintiff's motion for disclosure of public records is denied without prejudice.

23   IV.    CONCLUSION

24       Accordingly, IT IS HEREBY ORDERED that:

25   1.   Plaintiff's motion for admissions (ECF No. 35) is denied.

26   2.   Plaintiff's motion for disclosure of public records (ECF No. 38) is denied without

27       prejudice.

28   / / /

3

1  Dated:  December 18, 2024

2

3                                          CHI SOO KIM
                                           UNITED STATES MAGISTRATE JUDGE
4  /1/mccl1884.411

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4