1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN MCCLINTOCK,                        No.  2:22-cv-1884 KJM CSK P

12                    Plaintiff,

13            v.                              ORDER

14    G. VALENCIA, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff's motion to compel discovery is

18    before the Court.  As discussed below, plaintiff's motion to compel is denied without prejudice.

19    I.      PLAINTIFF'S ALLEGATIONS

20          On May 23, 2024, the district court ordered that this case proceeds on the following

21    claims:  (1) First Amendment retaliation claims as to defendants G. Valencia, L. Cantu and

22    T. Cooper (claims one, two and ten); (2) Plaintiff's claim that defendants Weaver, Luther and

23    Hadden confiscated and destroyed a box of plaintiff's legal materials in retaliation for plaintiff

24    pursuing litigation as evidenced by the materials in the box that were clearly labeled (claims five,

25    six and seven); and (3) Plaintiff's claim that in August of 2020, defendants J. Cantu, Vega, Sgt. T.

26    Coker, and Lt. J. Charon violated plaintiff's rights by orchestrating the placement of a violent and

27    unstable Level IV inmate into plaintiff's cell, failing to protect plaintiff from harm (claims

28    three, eight, and nine).  (ECF No. 20 at 3, addressing plaintiff's first amended complaint, ECF

                                              1

1    No. 9.)

2    II.      BACKGROUND

3          On January 6, 2025, the Court issued the discovery and scheduling order.  (ECF No. 41.)

4          On March 20, 2025, plaintiff filed a motion to compel production of documents.  (ECF

5    No. 43.)  On March 27, 2025, defendants filed an opposition.  (ECF No. 44.)  On April 7, 2025,

6    plaintiff filed a reply.  (ECF No. 45.)

7          On April 17, 2025, defendants filed a motion to modify the discovery and scheduling

8    order.  (ECF No. 46.)  On April 21, 2025, defendants' motion to modify the discovery and

9    scheduling order was granted, and the deadlines to file a motion to compel and to depose plaintiff

10   were extended to July 1, 2025, and the pretrial motions deadline was extended to August 29,

11   2025.  (ECF No. 47.)

12   III.     PLAINTIFF'S MOTION TO COMPEL

13          A.   The Parties' Positions

14          Plaintiff seeks to compel responses to plaintiff's request for production of documents, set

15   one.  (ECF No. 43.)  Plaintiff claims he sought remedy with the defendants, but the parties are "at

16   an impasse and clearly have a discovery dispute."  (Id. at 1.)  Plaintiff provided a copy of a March

17   12, 2025 letter to counsel for defendants claiming:

18
              In good faith I conferred with you the opportunity to secure the
19            Defendants'' responses or disclosures.  It is clear the parties are at an
              impasse and that a discovery dispute has arisen.  I have tried to
20            resolve this dispute.

21            Consider this a Notice that I will seek the Court to help resolve this
              discovery dispute.

22   (ECF No. 43 at 13.)  Plaintiff provided a copy of his request for production of documents, Nos. 1

23   – 35, submitted to defendants, but did not provide defendants' responses.  (Id. at 14-24.)

24          Defendants oppose the motion, stating that plaintiff's representation that the parties

25   reached an "impasse" is unsupported and false because plaintiff made no effort to contact

26   defendants concerning any discovery dispute prior to filing his motion.  (ECF No. 44 at 1.)

27   Defendants state they did not receive any written correspondence, phone call or email from

28   plaintiff attempting to meet and confer or clarify defendants' discovery responses.  (Id. at 2.)  In

                                                     2

1  addition, defendants note that plaintiff's motion is defective because he did not provide the

2  discovery responses he alleges are disputed.  (Id.)  Defendants served their discovery responses

3  on plaintiff on March 2, 2025, but received no communication from plaintiff until March 17,

4  2025, when they received his March 12, 2025 letter.  (Id. at 2, 4.)  Defendants notified plaintiff by

5  letter on March 18, 2025, that no communication had been received prior to his March 12, 2025

6  letter, and requested plaintiff specifically identify his concerns with defendants' responses to the

7  requests for production of documents.  (Id. at 10.)

8         In his reply, plaintiff responds that his March 12, 2025 letter did not "expressly use the

9  'meet and confer' language," and argues that his motion "contains sufficient information to put

10  defendants on notice of the grounds for plaintiff's motion."  (ECF No. 45 at 2.)

11         B.  Standards Governing Discovery Disputes

12         Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

13  move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

14  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

15  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

16  'broad discretion to manage discovery and to control the course of litigation under Federal Rule

17  of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

18  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

19         The party moving to compel bears the burden of informing the court (1) which discovery

20  requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

21  the party believes the response is deficient, (4) why any objections are not justified, and (5) why

22  the information sought through discovery is relevant to the prosecution of this action.  McCoy v.

23  Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, 2008 WL 860523,

24  at *4 (E.D. Cal. Mar. 27, 2008).  The reach of Rule 34 of the Federal Rules of Civil Procedure,

25  which governs requests for production, "extends to all relevant documents, tangible things, and

26  entry upon designated land or other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470,

27  472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206,

28  at 381).

3

1     The purpose of discovery is to "remove surprise from trial preparation so the parties can

2  obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman

3  University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1)

4  of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

5  "Parties may obtain discovery regarding any nonprivileged information that is relevant to any

6  party's claim or defense and proportional to the needs of the case, considering the importance of

7  the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

8  information, the parties' resources, the importance of the discovery in resolving the issues, and

9  whether the burden or expense of the proposed discovery outweighs its likely benefit.

10  Information within this scope of discovery need not be admissible in evidence to be

11  discoverable."

12     "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

13  Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the

14  burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

15  Thereafter, the party opposing discovery has the burden of showing that the discovery should be

16  prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v.

17  Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

18     C.  Discussion

19     Defendants' first argument that plaintiff failed to "meet and confer" regarding the

20  discovery disputes as required by Rule 37(a)(1) is unavailing in light of this Court's order stating

21  "unless otherwise ordered, Local Rule 251 shall not apply." (ECF No. 41 at 5.)

22     That said, the Court does not take lightly plaintiff's mischaracterization of alleged efforts

23  to resolve the discovery dispute prior to filing his motion. Plaintiff's March 12, 2025 letter

24  clearly states that he conferred with defendants' counsel concerning the defendants' responses or

25  disclosures. (ECF No. 43 at 13.) Moreover, in his motion, plaintiff claims he "tried to resolve the

26  discovery dispute for the requested production," and "conferred in good faith [with] the

27  defendants to secure the responses or disclosures to his Civil Suit § 1983." (ECF No. 43 at 1, 2.)

28  But plaintiff provided no evidence of any pre-filing conference or communication with

4

1    defendants, and defendants deny such conference or communication took place.  In his reply,

2    plaintiff does not address his mischaracterization, simply arguing that defendants failed to

3    identify any prejudice suffered "as a result of the alleged failure to use 'meet and confer'

4    language."  (ECF No. 45 at 2.)  Plaintiff is cautioned to take care in the future to accurately

5    describe what has transpired between the parties.

6         In any event, defendants are correct that plaintiff must provide the defendants' discovery

7    responses.  Without those responses, this Court is unable to determine what sort of privilege,

8    privacy protection, or other objection defendants were asserting in response to each disputed

9    request.

10        In addition, from his motion, it appears that plaintiff seeks discovery for a ten year period,

11   and anticipates receiving 1400 to 1500 pages of discovery.  (ECF No. 43 at 7, 9-10.)  Plaintiff is

12   cautioned that while relevancy is broadly defined, the discovery must be relevant to the discrete

13   claims proceeding in this action.[1]  As noted above, the district court clearly defined the claims

14   proceeding herein.  Plaintiff argues that to support his claim of "coordinated effort," "R.I.C.O.

15   requirements fall within ten year limits -- the time frame meets plaintiff's needs."  (Id. at 9.)  But

16   the claims in this action are based on acts and omissions that took place in 2020, and this action

17   does not proceed on a RICO claim.[2]  Plaintiff is cautioned that any efforts to expand discovery

---

18   [1]  In his motion, plaintiff claims that "the escalating retaliations began over a decade ago (2:13-
19   cv-0264 TLN DAD) which was chilled from going to jury trial."  (ECF No. 43 at 9.)  However,
20   court records reflect that in McClintock v. Colosimo, No. 2:13-cv-0264 TLN DAD (E.D. Cal.),
     the parties settled the case, and it was voluntarily dismissed on May 11, 2018.  Id. (ECF Nos. 124,
21   125.)  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285
     F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
22   within and without the federal judicial system, if those proceedings have a direct relation to
     matters at issue") (internal quotation omitted).

23
24   [2]  The Racketeer Influenced and Corrupt Organizations Act ("RICO") imposes civil liability on
     persons and organizations engaged in a "pattern of racketeering activity."  18 U.S.C. § 1962(c).
25   "Racketeering activity" includes various criminal acts (e.g., "murder, kidnapping, gambling,
     arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled
26   substance") and violations of certain criminal statutes.  Id. § 1961(1).  The elements of a civil
     RICO claim are:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering
27   activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'"
     Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996).  A RICO plaintiff must also meet the
28   heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure as to

1    beyond the claims identified by the district court will not be well-taken.

2         Further, plaintiff is advised that "[t]he 2015 amendments to Rule 26(b)(1) emphasize the

3    need to impose reasonable limits on discovery through increased reliance on the common-sense

4    concept of proportionality." Roberts v. Clark County Sch. Dist., 312 F.R.D. 594, 603 (D. Nev.

5    2016) (internal quotation marks omitted). The fundamental principle of amended Rule 26(b)(1) is

6    that discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

7    Discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to

8    prove a claim or defense, but eliminate unnecessary or wasteful discovery." Roberts, 312 F.R.D.

9    at 603. This requires active involvement of federal judges to make decisions regarding the scope

10   of discovery. Id. To the extent that the discovery sought is "unreasonably cumulative or

11   duplicative, or can be obtained from some other source that is more convenient, less burdensome,

12   or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P.

13   26(b)(2)(C)(i). Limits should also be imposed where the burden or expense outweighs the likely

14   benefits. Fed. R. Civ. P. 26(b)(1). How and when to so limit discovery, or to "issue an order to

15   protect a party or person from annoyance, embarrassment, oppression, or undue burden or

16   expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

17        Therefore, plaintiff's motion to compel discovery must be denied in light of his failure to

18   provide defendants' responses to each disputed request. But because plaintiff filed his motion

19   well before the discovery deadline, has been cooperating with defendants concerning defendants'

20   discovery requests, and the Court modified the deadlines accordingly (ECF No. 47), the Court

21   will sua sponte modify the scheduling order to include plaintiff's renewed motion to compel

22   production of documents. Plaintiff is granted leave to renew his motion, but he should consider

23   the admonitions set forth above. Moreover, in light of the parties' subsequent ability to meet and

24   confer as to defendants' discovery requests propounded to plaintiff (ECF No. 46), the Court first

25   orders the parties to meet and confer as to plaintiff's request for production of documents. (ECF

26   _____

27   predicate acts based on fraud or misrepresentation, requiring that "the pleader must state the time,
     place, and specific content of the false representations as well as the identities of the parties to the
     misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir.

28   1988).

6

No. 43 at 15-24.)  If discovery disputes remain after such conference, plaintiff is granted leave to file a motion to compel that includes both the request for production and the disputed response. In addition, as to each disputed request, plaintiff must address each of the elements identified above, including specific facts, not generalized claims of retaliation, that demonstrate the request is relevant to the claims proceeding in this action.  See McCoy, 2016 WL 3196738, at *1.  The pretrial motions deadline is stayed pending resolution of defendants' anticipated motion to compel, as well as plaintiff's anticipated renewed motion to compel production of documents. The parties shall refrain from filing pretrial motions pending further order of Court.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to compel discovery (ECF No. 43) is denied without prejudice.

2.  Within 21 days from the date of this order, the parties shall meet and confer as to the disputed responses to plaintiff's request for production of documents Nos. 1 - 35.

3.  The discovery deadline is extended to August 1, 2025, solely to enable plaintiff to renew his motion to compel further production of documents following his conference with counsel for defendants.

4.  The pretrial motions deadline is stayed pending further order of Court.

5.  In all other respects, discovery is closed, and the scheduling and discovery orders (ECF No. 41), as amended on April 21, 2025 (ECF No. 47) remain in effect unless otherwise modified by the Court.

Dated:  June 5, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mccl1884.mtc1