1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN MCCLINTOCK,                              No.  2:22-cv-1884 KJM CSK P

12                    Plaintiff,

13           v.                                    ORDER

14   G. VALENCIA, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Defendants' motion to compel discovery is

18   before the Court.  Multiple motions are pending.  As set forth below, defendants' motion to

19   compel is granted, plaintiff's request for judicial notice is denied, plaintiff's motion to compel is

20   partially granted, and plaintiff's motion for appointment of an expert is denied without prejudice.

21   I.      PLAINTIFF'S FIRST AMENDED COMPLAINT

22          On May 23, 2024, the district court ordered that this case proceed on the following

23   claims:  (1) First Amendment retaliation claims as to defendants G. Valencia, L. Cantu and T.

24   Cooper (claims one, two and ten); (2) Plaintiff's claim that defendants Weaver, Luther and

25   Hadden confiscated and destroyed a box of plaintiff's legal materials in retaliation for plaintiff

26   pursuing litigation as evidenced by the materials in the box that were clearly labeled (claims five,

27   six and seven); and (3) Plaintiff's claim that in August 2020, defendants J. Cantu, Vega, Sgt. T.

28   Coker, and Lt. J. Charon violated plaintiff's rights by orchestrating the placement of a violent and

                                                  1

unstable Level IV inmate into plaintiff's cell, failing to protect plaintiff from harm (claims three, eight and nine).  (ECF No. 20 at 3 (addressing ECF No. 9).)  These claims are based on incidents that took place while plaintiff was housed at Mule Creek State Prison.  (ECF No. 9 at 11-14.)

II.     BACKGROUND

On January 6, 2025, the Court issued the discovery and scheduling order.  (ECF No. 41.)

On April 21, 2025, defendants' first motion to modify the discovery and scheduling order was granted, and the deadlines to file a motion to compel and to depose plaintiff were extended to July 1, 2025, and the pretrial motions deadline was extended to August 29, 2025.  (ECF No. 47.)

On June 5, 2025, plaintiff's motion to compel production of documents (ECF No. 43) was denied.  (ECF No. 48.)  The discovery deadline was extended to August 1, 2025, solely to enable plaintiff to renew his motion to compel further production of documents following his conference with counsel for defendants.  (Id.)  The pretrial motions deadline was stayed pending further order of the Court.  In all other respects, the prior scheduling and discovery orders (ECF Nos. 41, 47) remain in effect unless otherwise modified by the Court.  (Id.)

On June 19, 2025, defendants filed a motion to compel discovery responses.[1]  (ECF No. 49.)  On July 17, 2025, plaintiff filed his opposition.  (ECF No. 50.)  On July 24, 2025, defendants filed their reply to plaintiff's opposition.  (ECF No. 53.)

On July 17, 2025, plaintiff filed a motion for appointment of a document examiner/ handwriting expert.  (ECF No. 51.)  On August 8, 2025, defendants filed an opposition to plaintiff's motion for appointment of a document examiner/handwriting expert.  (ECF No. 54.) On August 19, 2025, plaintiff filed his reply.  (ECF No. 56.)

On July 17, 2025, plaintiff filed a motion to compel pretrial discovery.  (ECF No. 52.)  On August 8, 2025, defendants filed an opposition to plaintiff's motion to compel.  (ECF No. 55.) On August 25, 2025, plaintiff filed a request for judicial notice, which this court construes as plaintiff's reply to defendants' opposition.  (ECF No. 57.)

///

---

[1]  This motion is timely under the order extending the discovery deadline to July 1, 2025.  (ECF No. 47.)

1     III.     STANDARDS GOVERNING DISCOVERY DISPUTES

2          Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

3     move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

4     37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or

5     incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

6     'broad discretion to manage discovery and to control the course of litigation under Federal Rule

7     of Civil Procedure 16.'"  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

8     Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

9          The party moving to compel bears the burden of informing the court (1) which discovery

10    requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

11    the party believes the response is deficient, (4) why any objections are not justified, and (5) why

12    the information sought through discovery is relevant to the prosecution of this action.  McCoy v.

13    Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, 2008 WL 860523,

14    at *4 (E.D. Cal. Mar. 27, 2008).  The reach of Rule 34 of the Federal Rules of Civil Procedure,

15    which governs requests for production, "extends to all relevant documents, tangible things, and

16    entry upon designated land or other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470,

17    472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206,

18    at 381).

19         The purpose of discovery is to "remove surprise from trial preparation so the parties can

20    obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman

21    University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1)

22    of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

23              Parties may obtain discovery regarding any nonprivileged
               information that is relevant to any party's claim or defense
24             and proportional to the needs of the case, considering the importance of
               the issues at stake in the action, the amount in controversy, the
25             parties' relative access to relevant information, the parties' resources,
               the importance of the discovery in resolving the issues, and whether
26             the burden or expense of the proposed discovery outweighs its likely
               benefit. Information within this scope of discovery need not be
27             admissible in evidence to be discoverable.

28    Fed. R. Civ. P. 26(b)(1).

3

"Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

IV.    DEFENDANTS' MOTION TO COMPEL

Defendants seek to compel:  (1) proper responses to requests asking plaintiff to identify persons who allegedly witnessed the three separate incidents he alleges against ten defendants (Interrogatories Nos. 3-11 and Request for Production of Document No. 3); (2) proper responses identifying the injuries plaintiff attributes to each of the ten defendants, including the medical staff and treatment he received for those injuries (Interrogatories Nos. 12-16); and (3) a response to Interrogatory No. 22, asking plaintiff to explain what he meant in his complaint when he alleged that "Defendant Luther knew that approving the destruction of sensitive materials would harm Plaintiff's protected right to litigate," to which plaintiff failed to respond.  (ECF No. 49.)

A.  <u>Governing Rules</u>

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court.  <u>See</u> Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

B.  <u>Discovery re Witnesses</u>

INTERROGATORY NO. 3:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on pages 15-16) for Claim 1.

RESPONSE TO INTERROGATORY NO. 3:  Contingent upon upcoming Discovery and as soon as the list of names of persons and entities are known, Plaintiff will be mindful to disclose the same to

4

1    all parties.

2    INTERROGATORY NO. 4:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on
3    pages 17-18) for Claim 2.

4    RESPONSE TO INTERROGATORY NO. 4:  Please see Response to No. 3, supra.

5

6    INTERROGATORY NO. 5:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on page 29) for Claim 10.

7

8    RESPONSE TO INTERROGATORY NO. 5:  Please see Response to No. 3, supra.

9    INTERROGATORY NO. 6:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on
10    page 23) for Claim 5.

11    RESPONSE TO INTERROGATORY NO. 6:  Please see Response to No. 3, supra.

12

13    INTERROGATORY NO. 7:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on page 24) for Claim 6.

14

15    RESPONSE TO INTERROGATORY NO. 7:  Please see Response to No. 3, supra.

16    INTERROGATORY NO. 8:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on
17    page 25) for Claim 7.

18    RESPONSE TO INTERROGATORY NO. 8:  Please see Response to No. 3, supra.

19

20    INTERROGATORY NO. 9:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on pages 19-20) for Claim 3.

21

22    RESPONSE TO INTERROGATORY NO. 9:  Please see Response to No. 3, supra.

23    INTERROGATORY NO. 10:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on
24    pages 26-27) for Claim 8.

25    RESPONSE TO INTERROGATORY NO. 10:  Please see Response to No. 3, supra.

26

27    INTERROGATORY NO. 11:  Identify each PERSON YOU contend witnessed the events alleged in YOUR Complaint (ECF No. 9 on page 28) for Claim 9.

28

1                    RESPONSE TO INTERROGATORY NO. 11:  Please see Response
to No. 3, supra.

2

3    (ECF No. 49 at 14-16, 35.)

4                  REQUEST  FOR  PRODUCTION  NO.  3:    Produce  all  witness
statements  that  you  have  related  to  your  allegations  against

5                  Defendants as alleged in your Complaint (ECF No. 9).

6                  RESPONSE  TO  REQUEST  FOR  PRODUCTION  NO.  3:
Contingent  upon  upcoming  Discovery  and  as  soon  as  the  list  of

7                  names of persons and entities are known, Plaintiff will be mindful to
disclose the same to all parties.

8

9    (ECF No. 49 at 26, 33.)

10        Defendants state that at the meet and confer, plaintiff informed defense counsel that

11  plaintiff had an "incomplete list" of the witnesses, but would provide the names only after he

12  compiled a "complete list."  (ECF No. 49 at 4.)  Defendants argue such concession demonstrates

13  plaintiff has responsive information he refuses to produce, in violation of Rule 26(e)(1)(A).  (Id.)

14        Plaintiff contends that he is not required to disclose witness information because plaintiff

15  "will provide the defendants the names of witnesses as earliest [sic] as possible and . . . he has not

16  decided whether . . . he will even call any or all witnesses to testify at trial," and that defendants

17  can identify the relevant "State Actors" through the "CDCR-SOMS" system.  (ECF No. 50 at 3-

18  4.)  Plaintiff claims to supplement the "discoverable documents" with the exhibits attached to his

19  opposition.  (Id. at 4.)  Further, plaintiff contends that "state actors familiar with this case . . . are

20  identifiable in the CDCR-SOMS when they logged in and gained free access to plaintiff's central

21  file."  (Id.)

22        In reply, defendants object that plaintiff's concession that witness information exists, but

23  he refuses to produce it absent any legal justification, is improper because it requires defendants

24  to comb through unidentified records and then speculate about which individuals or documents

25  are relevant to plaintiff's claims against each of the ten defendants.  (ECF No. 53 at 2.)

26  Defendants argue that plaintiff's "refusal undermines the fundamental purposes of discovery"

27  which allows discovery of "any nonprivileged matter that is relevant to any party's claim or

28  defense and proportional to the needs of the case."  (Id. (citing Fed. R. Civ. P. 26).)

Defendants' motion is well-taken.  Interrogatories Nos. 3 through 11 seek the

identification of each person who allegedly witnessed the incidents described in plaintiff's first

amended complaint.  Also, Request for Production of Documents No. 3 asks plaintiff to produce

any witness statements related to plaintiff's allegations against defendants.  Plaintiff must identify

witnesses he is aware of who are likely to have discoverable information and who plaintiff "may"

use to support his claims or defenses.  See Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring disclosure of

"each individual likely to have discoverable information—along with the subjects of that

information—that the disclosing party may use to support its claims or defenses, unless the use

would be solely for impeachment").  In addition, plaintiff is required to produce any

nonprivileged witness statement plaintiff has in his possession or control, and must supplement

his responses as additional statements are received.  See Fed. R. Civ. P. 26(e)(1)(A).  Plaintiff

shall, without objection, provide further responses to Interrogatories Nos. 3 to 11 for all

defendants, and shall identify documents responsive to Request for Production No. 3 in a way that

identifies the document as responsive to request no. 3.

C.  Discovery re Plaintiff's Injuries

INTERROGATORY NO. 12:  Describe in detail all the injuries that
YOU allege DEFENDANTS caused YOU, as described in YOUR
Complaint (ECF No. 9).

RESPONSE TO INTERROGATORY NO. 12:  All injuries resulting
from Defendants' direct, multiple actions and harms, Plaintiff alleges
he suffered include physical (person and property) and mental
injuries (added to the gross anguish, hostilities, threats, deliberate
and knowingly false and misleading misconduct) which have
compounded.  This information is readily comprised in the Plaintiff's
Medical and Mental Health records, and CFile/SOMS.  The fullest
extent of his injuries also is evident by the Defendants' own actions,
evil intentions, reckless or callous disregard to Plaintiff's
Constitutional rights.

INTERROGATORY NO. 13:  Identify all individuals with whom
YOU discussed YOUR allegations against DEFENDANTS as
alleged in YOUR Complaint (ECF No. 9).

RESPONSE TO INTERROGATORY NO. 13:  This request is
overly broad, vague to time frame; "all individuals" with whom
plaintiff discussed his allegations against the Defendants as alleged
in his complaint fails in particularity, and frankly is unintelligible,
unduly burdensome, oppressive, harassing because it would require
Plaintiff to compile and produce data on an extensive, exhaustive

array of documents extending back a decade when the retaliations, legal mail tampering and impeding Court Procedures and Orders, trespassings on Plaintiff's case, interfering with Plaintiff's pro-rehabilitative programming, endangering the safety and well-being of Plaintiff, deliberate and knowingly false "State Forms" to taint Plaintiff's C-file/SOMS, . . . all began -- directly evolving into Case in bar.

INTERROGATORY NO. 14:  Identify all health care staff who provided YOU treatment for the injuries YOU allege DEFENDANTS caused YOU as alleged in YOUR Complaint (ECF No. 9).

RESPONSE TO INTERROGATORY NO. 14:  Prison Medical and Nursing Staff and Mental Health Providers provided the care and treatment plans detailed in their records which are readily available to the Defendants.  Plaintiff has no objection to them accessing his files, at their cost.

INTERROGATORY NO. 15:  Describe all medical treatment that health care staff prescribed YOU for the injuries YOU allege DEFENDANTS caused YOU in YOUR Complaint (ECF No. 9).

RESPONSE TO INTERROGATORY NO. 15:  The litany of what medical and mental treatments Plaintiff received and still receive is contained in his Medical and Mental Health Records.  Plaintiff has no objection to the Defendants accessing his files, at their cost.

INTERROGATORY NO. 16:  Provide the dates for the medical request (CDCR 7362) forms you submitted regarding the injuries YOU allege DEFENDANTS caused YOU in YOUR Complaint (ECF No. 9).

RESPONSE TO INTERROGATORY NO. 16:  The dates of multiple and extensive 7362 Requests and their responses are contained in Plaintiff's Medical and Mental Health Records.  Plaintiff has no objections to the Defendants accessing his files.

(ECF No. 49 at 16-17; 35-37.)

　　　　1.　*The Parties' Positions*

Defendants argue that plaintiff's responses are burdensome and improper because they require defendants to "comb through unspecified records and speculate about which materials relate to plaintiff's claims against each of the ten defendants."  (ECF No. 49 at 5.)  Defendants maintain that medical records do not connect plaintiff's injuries to a specific defendant and will not identify persons with whom plaintiff discussed his injuries.  (Id.)

In opposition, plaintiff claims he has directed defendants to plaintiff's central file, medical and mental health E-files which have been accessible for the last seven months.  (ECF No. 50 at

1   5.)  Plaintiff then sets forth a laundry list of his physical and emotional injuries.  (Id. at 5-6.)  In

2   his conclusion, plaintiff states he "has made reasonable efforts to direct the defendants to the

3   sources where they may find -- if they choose -- the information they seek."  (Id. at 6.)

4         In reply, defendants point out that plaintiff "lists a litany of injuries he allegedly suffered

5   at the hands of defendants," but fails to "identify the health care staff who allegedly treated him

6   and the treatment that he received."  (ECF No. 53 at 2-3 (citing ECF No. 50 at 5-6).)  Defendants

7   object that the medical records alone do not identify which injury is attributed to which of the ten

8   defendants and do not identify individuals with whom plaintiff may have discussed such injuries.

9   (ECF No. 53 at 3.)

10          *2.  Discussion*

11        Again, defendants' motion is well-taken.  Providing a list of injuries does not identify

12  which injury is attributable to which of the ten defendants.  Plaintiff is advised that simply

13  directing defendants to source materials is insufficient to constitute a proper discovery response.

14  Plaintiff is required to answer discovery requests, providing responses that show defendants what

15  evidence plaintiff contends supports his claims against each defendant.  Plaintiff shall provide,

16  without objections, further responses to Interrogatories Nos. 12 through 16, without directing

17  defendants to plaintiff's medical and mental health records.

18      D.  Discovery re Explanation of Allegation:  Interrogatory No. 22

19          INTERROGATORY NO. 22:  Describe in detail what YOU meant
    by the statement, "Defendant K. Luther knew that approving the
20  destruction of sensitive materials that it would harm Plaintiff's
    protected right to litigate," as alleged in YOUR Complaint (ECF No.
21  9 on page 24).

22          RESPONSE TO INTERROGATORY NO. 22:  [No response.]

23  (ECF No. 49 at 19, 38.)

24          *1.  The Parties' Positions*

25        Defendants argue that plaintiff failed to respond to Interrogatory No. 22.  Plaintiff

26  contends his failure to respond to Interrogatory No. 22 was an oversight, and responds as follows:

27          [1] Defendant Luther was informed in writing by Plaintiff's Request
    for Interview Form-22 of the active, ongoing Federal Case 2:18-cv-
28  0560 involving his subordinates who were already defendants, [2]

1
2
3
4
5
6
7

Defendant Luther oversaw and endorsed all activities right in front of him -- including but not limited to: (a) the illogical, substantiable threat on staff solely based on an anonymous note not even close to Plaintiff's handwriting.  However, the Defendant chose to follow through with ruse scheme happening before him rather than put a stop and correct it; (b) the confiscation and destruction of an entire box (2 x 1 x 1 ft$^3$) marked Confidential/Legal containing Evidence of his subordinates including Fed. Ct. ordered Sealed R.I.C.O. Motions, Declarations, informants . . . .) on the active, ongoing case.  As a Captain with experience and knowhow -- held to the highest standards -- he should have known the right thing to do but chose to endorse the freezing (Chilling).  He should have known that Chilling is harm to the Plaintiff who only sought to meet with him.

8   (ECF No. 50 at 3-4.)  Following his response regarding Interrogatory No. 22, plaintiff provided

9   additional exhibits "[i]n an effort to continue to show cooperation for mutual discovery,"

10  claiming he is supplementing the discoverable documents with documents to which defendants

11  have already had access.  (ECF No. 50 at 4, 9-38.)  In reply, defendants object that plaintiff

12  "offers a conclusory assertion and attaches approximately 30 pages of unrelated exhibits with no

13  explanation identifying which exhibits correspond to which discovery request.  (ECF No. 53 at 3.)

14  Defendants object that plaintiff's exhibits are "unrelated, unauthenticated, and largely illegible,

15  including a "Notice of Confidential Information in Advance of Parole Hearing," "Inmate Property

16  Inventory," and "Authorization for Release of Protected Health Information."  (ECF No. 53 at 3.)

17          *2.   Discussion*

18          Defendants' objections are sustained.  Plaintiff shall provide, without objection, a written

19  response to Interrogatory No. 22.  In addition, as to the exhibits provided with plaintiff's

20  opposition (ECF No. 50 at 9-38), plaintiff is required to identify the discovery request to which

21  each document corresponds.  In order to assist plaintiff in this process, the Clerk is directed to

22  send plaintiff a copy of his exhibits.  (ECF No. 50 at 9-38.)  As plaintiff will see, not every page

23  is completely legible (id. at 9, 10, 27, 28), and many pages have text running off the page (id. at

24  11-17, 19-20, 22, 24, 26, 29-31, 33-35).  Thus, plaintiff is ordered to serve on counsel for

25  defendants another complete set of these exhibits, ensuring each page is legible and that all text of

26  each exhibit is included in the photocopy.  Plaintiff shall include an index clearly identifying the

27  exhibit as well as the discovery request to which the document corresponds.  Plaintiff is cautioned

28  that because he includes many of his own declarations, identifying the exhibit by "Plaintiff's

1    Declaration" will be insufficient to identify the exhibit.  Plaintiff may use the CM/ECF page

2    number if that helps plaintiff identify the responsive document.

3         E.  Conclusion

4         Defendants' motion to compel further responses (ECF No. 49) is granted.  Within thirty

5    days from the date of this order, plaintiff shall provide further responses to Interrogatories Nos. 3

6    through 11, 12 through 16, and 22, and Request for Production No. 3, and re-serve his exhibits

7    (ECF No. 50 at 9-38) with an index identifying the exhibit and the discovery request to which the

8    document corresponds.

9    V.    PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

10        On August 25, 2025, plaintiff filed a document styled, "Plaintiff's Request Court -

11   Judicial Notice of the Document Captioned as Defendants' Opposition to Plaintiff's Motion to

12   Compel Production of Documents Dated August 8, 2025, As Well As Defendants' May Benefit

13   by Taking Administrative Notice of the Same Reading."  (ECF No. 57 at 1.)  Plaintiff's proof of

14   service is dated August 19, 2025.  (Id. at 4.)

15        To the extent plaintiff asks the Court to take judicial notice of defendants' opposition,

16   such request is not properly the subject of judicial notice.  Defendants' opposition is part of the

17   Court's record, and the Court does not need to take judicial notice of filings in this case for

18   resolution of an issue in this case.    Plaintiff's request to take judicial notice of defendants'

19   opposition is denied as unnecessary.

20        Plaintiff also discusses the merits of plaintiff's motion to compel in his request.  (ECF No.

21   57.)  Therefore, the Court construes plaintiff's request as his reply to defendants' opposition (ECF

22   No. 55), and will consider plaintiff's reply in addressing plaintiff's motion to compel, discussed

23   next.

24   VI.   PLAINTIFF'S MOTION TO COMPEL

25        Plaintiff seeks to compel further responses to Requests for Production Nos. 1, 3 through

26   18, and 35.  (ECF No. 52 at 11-24, 37-41, 46.)

27        A.  The Parties' Positions

28        Plaintiff contends that he has complied with defendants' discovery requests, allowed

11

1    access to his central file, medical and mental health records, and participated in a deposition, yet

2    defendants have produced no documents.  (ECF No. 52 at 2-3.)  Plaintiff believes that each

3    defendant "has been involved in a past wrongdoing, misconduct, and/or criminal wrong against

4    another inmate and possibly similar wrongdoing."  (Id. at 3.)  Plaintiff contends that based on the

5    public interest, the Court should order each defendants' entire personnel file to be reviewed "with

6    a compliance check with the CDCR Office of Internal Affairs."  (Id. at 4-5.)  Plaintiff believes

7    that each defendant has a history of "unsavory" interactions, for example, setting up inmates,

8    false and wrongful disciplinaries, and tainting or destroying information.  (Id. at 5.)  Plaintiff

9    argues that defendants' objections should be overruled.  (Id. at 6-10.)  In response to defendants'

10   claim that "[n]one of these defendants have been investigated or disciplined for any allegations or

11   claims in this lawsuit" or similar matters, plaintiff contends the response is "repetitive in nature,

12   double talk, manipulating words, empty statements."  (Id. at 10.)

13        Defendants counter that plaintiff's motion should be denied because defendants properly

14   responded that, after a reasonable search and diligent inquiry, no responsive documents exist,

15   which is supported by the declaration of the Employee Relations Officer at Mule Creek State

16   Prison.  (ECF No. 55 at 3.)

17        In reply, plaintiff claims he compromised by reducing the number of requests he seeks to

18   compel, and states that "[t]he remaining requested items do exist in the defendants' personnel

19   files."  (ECF No. 57 at 1-2.)  Plaintiff argues that "past behaviors of the defendants" warrant

20   disclosure, and points out that the Court may conduct an in camera review of their personnel files,

21   and that defendants' privacy concerns can be addressed by protective order or redaction.  (Id. at

22   2-3.)

23        B.  Plaintiff's Request for Production No. 1

24             REQUEST FOR PRODUCTION NO. 1:  [1] All documents that
             refer to the allegations of misconduct or other improper conduct by
25           prison staff involving the defendants listed:  G. Valenica, L. Cantu,
             T. Cooper, C. Weaver, K. Luther, L. Hadden, J. Cantu (A/W), J.
26           Vega, T. Coker, J. Charon.  Whether such allegations were made by
             an inmate or by a member of the prison staff per DOM §§ 54100.25-
27           5, 54100.25-6, 24100.25.7, pursuant to p.c.§ 832.5(a) evidence codes
             §§ 1043, 1044,1045, 1046.  Subject to limitations of this request for
28           production  of  documents  -  plaintiff  requests  that  they  may  be

1     reasonably narrowed to include only those grievances or complaints
2     filed against any of the defendants that involve claims similar to these raised by the plaintiff in the instant action - reprisal for initiating or attempting to initiate his/her first amendment rights of free speech.

3

4     RESPONSE TO REQUEST FOR PRODUCTION NO. 1: Defendants object to this request on the grounds that it is vague and overbroad as to the timeframe of the documents requested. This
5     request is unduly burdensome, oppressive, and harassing because it encompasses every document ever prepared that refers to any staff
6     complaint filed against one of the Defendants by inmates, staff, or members of the public. The request seeks documents that are not
7     relevant to any claims or defenses in this case and the request is not reasonably calculated to lead to the discovery of admissible evidence
8     and is not proportionate to the needs of the case. This request calls for the production of documents which are protected from disclosure
9     by California Code of Regulations, Title 15, §§ 3321 and 3370, state law, and the official-information privilege. <u>See, e.g.</u>, Cal. Pen. Code.
10     §§ 832.7, 832.8.; Cal. Gov. Code §§ 3300-3313, 6254. It also requests documents the production of which would violate the
11     privacy rights of non-parties and the Defendants. This request is unduly burdensome, oppressive, and harassing because staff
12     complaints against a single officer are not necessarily kept in a centralized location, but rather are kept with the records of the inmate
13     who files that complaint, and locating all such documents would necessitate searching the records of every current and former inmate
14     who has ever been housed in an institution where one of the Defendants was available.

15

16     Without waiving these objections, and after reasonable search and diligent inquiry, none of the Defendants have been investigated or
17     disciplined for any of the allegations or claims in this lawsuit, or for matters similar to the allegations or claims in this lawsuit.

18    (ECF No. 55-1 at 5-6.)

19       *1. Discussion*

20        Defendants' objections are sustained. Plaintiff did not limit the request by time, and

21   initially seeks "all documents" that refers to "misconduct or improper conduct," which is also

22   overbroad and vague. However, plaintiff then states his request may be "reasonably narrowed to

23   include only those grievances or complaints filed against any of the defendants that involve

24   claims similar to these raised by the plaintiff in the instant action - reprisal for initiating or

25   attempting to initiate his/her first amendment rights of free speech." (ECF No. 55-1 at 5.) The

26   Court finds that requiring defendants to produce all grievances alleging retaliation would be

27   disproportionate to the needs of the case. However, if one of the named defendants has been sued

28   based on retaliation allegations similar to those alleged herein, such complaints could be relevant,

1    depending on the outcome of the cases.  In addition, defendants' response that "none of the

2    Defendants have been investigated or disciplined for any of the allegations or claims in this

3    lawsuit, or for matters similar to the allegations or claims in this lawsuit," is not responsive to

4    plaintiff's request for grievances or complaints filed against any of the defendants for similar

5    retaliation claims.  Therefore, defendants are required to file a further response to plaintiff's

6    request No. 1 to produce any complaint filed in a lawsuit against any of the named defendants

7    based on retaliation allegations similar to those alleged herein, from five years prior to the filing

8    of this action, October 21, 2017, to October 21, 2022, the date plaintiff filed the instant action.

9         C.  Plaintiff's Request for Production Nos. 3 - 18

10        The parties addressed these requests together, and because defendants' objections and

11   responses are largely the same, the Court sets forth plaintiff's requests, followed by an example of

12   defendants' objections and response.

13            REQUEST FOR PRODUCTION NO. 3:  [3] All adverse action
             records, which is punitive in nature and is intended to correct staff
14           misconduct or poor performance, or which terminates employment
             of-each defendant named herein – pursuant to E.V.§§ 1043, 1044,
15           1046.

16           RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
             Defendants object to this request on the grounds that it is vague and
17           overbroad as to the timeframe of the documents requested, and vague
             and ambiguous as to the meaning of the terms "all adverse action
18           records," "punitive in nature," "intended to correct staff
             misconduct," and "poor performance." The request seeks documents
19           that are not relevant to any claims or defenses in this case and the
             request is not reasonably calculated to lead to the discovery of
20           admissible evidence and is not proportionate to the needs of the case.
             This request also calls for the production of documents which are
21           protected from disclosure by the California Code of Regulations,
             Title 15, §§ 3321 and 3370, state law, and the official-information
22           privilege. See, e.g., Cal. Pen. Code §§ 832.7, 832.8.; Cal. Gov. Code
             §§ 3300-3313, 6254. The request also seeks documents the
23           production of which would violate the Defendants' privacy rights.

24           Without waiving these objections, and after reasonable search and
             diligent inquiry, none of the Defendants have been investigated or
25           disciplined for any of the allegations or claims in this lawsuit, or for
             matters similar to the allegations or claims in this lawsuit.
26
             REQUEST FOR PRODUCTION NO. 4:  [4] All bureau of
27           independent review (B.I.R.) records of any or all investigative and/or
             disciplinary action taken against each defendant named herein.
28           Pursuant to E.V. §1046.

                                          14

REQUEST FOR PRODUCTION NO. 5:  [5] All 'Skelly Packages': This material may include, but is not limited to, the following: investigative reports, applicable policies, procedures and government code sections, records of training the employee/defendant has attended, job description, and duty statements and/or post orders for each defendant named herein. Pursuant to E.V. §§1043, 1045, 1046.  The plaintiff recognizes that 'Skelly Packages' are informal processes to test whether employees' /defendants' intended actions are adequately supported. They are to serve only as an initial check against mistaken decisions in order to determine whether there are reasonable grounds to support inquiry [Skelly v State Personnel Board, 539 P.2d 744 (1975)].

REQUEST FOR PRODUCTION NO. 6:  [6] All 'Corrective Action(s)' records for each defendant named herein; this material may include, but is not limited to, the following: verbal counseling, in service training (I.S.T.), on-the-job training (O.J.T.), written counselling, letter of instruction (L.O.I.) ... taken by a supervisor to assist an employee in improvising his/her work performance behavior or conduct.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 7:  [7] All 'Designated case(s)' records assigned to Vertical Advocates (V.A.) for each defendant named herein; this material may include, but is not limited to the following matters involving staff integrity and /or dishonesty, abuse of authority, sexual misconduct, use of force in which an inmate suffers death or injury, use of deadly force, serious allegations made against supervisors and high profile or dismissal cases assigned to the V.A. by the AGC.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 8:  [8] All 'Employee Counseling Records' for each defendant named herein; this material may include, but is not limited to: written record(s) of counseling, documented on CDCR form 1123, between a supervisor and subordinate which provides formal instructions about laws, rules, policies, and employer expectations. Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 9: [9] All 'Executive Review' records regarding the investigation findings, proposed disciplinary penalty of settlement agreement, for each defendant named herein. Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 10:  [10] All "Notice(s) of Adverse Action" for each defendant named herein; the material may include, but is not limited to the following: a notification to the affected employee of the charges against him/her, the adverse action penalty, and the effective date.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 11:  [11] All 'Office of Internal Affairs' (O.I.A.) files, for each defendant named herein; including, but not limited to: investigative reports on allegations of employe misconduct.  Pursuant to E.V. §§ 1043, 1045, 1046.

15

REQUEST FOR PRODUCTION NO. 12:  [12] All 'Preliminary Notice(s) of adverse action' for each defendant named herein; this material may include, but is not limited to: notification required of some hiring authorities in accordance with the settlement agreement(s), to an affected employee regarding charges against him/her and the intent to impose adverse action. This notification summarizes the specific subsections of the Government code that had been violated as well as the actions that constituted the violation. Pursuant to E.V. §§1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 13:  [13] All 'Skelly Hearing' result(s) records for each defendant named herein; this material may include, but is not limited to the hiring authorities final decision(s) regarding the imposition of a disciplinary penalty.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 14:  [14] All 'Skelly Letters' for each defendant named herein; this material may include, but is not limited to the hiring authority's final decision regarding the imposition of a disciplinary penalty. Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 15:  [15] All 'Employee Relations Officer' (E.R.O.) - Disciplinary Officer's (D.O.) summary(s) adverse action(s) records for each defendant named herein; this material may include, but is not limited to a summary compiled by the E.R.O./disciplinary officer of allegations of misconduct, from evidence contained. In an investigative report or other document.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 16:  [16] All 'Hiring Authority's Investigative and Disciplinary' records for each defendant named herein; this material may include, but is not limited to; CDCR form(s) 402 completed, CDCR form(s) 403 employee disciplinary matrix. Pursuant to§§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 17:  [17] all 'Employee's Supervisory Files' for each defendant named herein.  This may include, but is not limited to: filing documents related to corrective action, performance, behavior, and conduct of subordinate staff, imposition of corrective action, corrective action for similar misconduct occurring within (1) one year prior to imposition of corrective or adverse action alleged misconduct, request for investigations or adverse action to the hiring authority.  Pursuant to E.V. §§ 1043, 1045, 1046.

REQUEST FOR PRODUCTION NO. 18:  [18] All 'Vertical Advocate' (V.A.) investigative interviews, notice of adverse action drafts, accurate records or assignments and documenting in the legal database of all communications with the hiring authority and senior and inspector general (S.A.I.G.) regarding disciplinary penalties: the "skelly hearings", the skelly officer's recommendation(s), the outcome of executive review, settlement agreements, S.P.B. hearings, and any appellate proceedings, documentations in the legal page of C.M.S. all communications re: investigative reports and

1    investigative findings, for each defendant named herein. Pursuant to
     E.V. §§ 1.043, 1045, 1046. [C.M.S.: case management system]
2

3    (ECF No. 55-1 at 7-17.)

4         RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
          Defendants object to this request on the grounds that it is vague and
5         overbroad as to the timeframe of the documents requested, and vague
          and ambiguous as to the meaning of the terms "all adverse action
6         records," "punitive in nature," "intended to correct staff
          misconduct," and "poor performance." The request seeks documents
7         that are not relevant to any claims or defenses in this case and the
          request is not reasonably calculated to lead to the discovery of
8         admissible evidence and is not proportionate to the needs of the case.
          This request also calls for the production of documents which are
9         protected from disclosure by the California Code of Regulations,
          Title 15, §§ 3321 and 3370, state law, and the official-information
10        privilege. See, e.g., Cal. Pen. Code §§ 832.7, 832.8.; Cal. Gov. Code
          §§ 3300-3313, 6254.    The request also seeks documents the
11        production of which would violate the Defendants' privacy rights.

12        Without waiving these objections, and after reasonable search and
          diligent inquiry, none of the Defendants have been investigated or
13        disciplined for any of the allegations or claims in this lawsuit, or for
          matters similar to the allegations or claims in this lawsuit.
14

15   (ECF No. 55-1 at 7.)

16        *1. Discussion*

17        The Court need not evaluate defendants' objections because despite their objections,

18   defendants responded that as to all defendants and as to all of the requests at issue here, after

19   reasonable search and diligent inquiry, none of the defendants have been investigated or

20   disciplined for any of the allegations or claims in this lawsuit, or for matters similar to the

21   allegations or claims in this lawsuit. (Id. at 7-18.) Although plaintiff is correct that the Court can

22   perform an in camera review of personnel records, plaintiff fails to demonstrate that such in

23   camera review is required. Indeed, Employee Relations Officer M. Cota provided a declaration

24   detailing the allegations at issue herein, reiterating the confidentiality of such records as well as

25   privacy concerns, and declaring that M. Cota "personally reviewed the relevant personnel records

26   of defendants identified in this action," and found none of the defendants had been investigated or

27   disciplined for any allegations raised in the instant case. (ECF No. 55-2 at 2.) In addition, M.

28   Cota declared that "there is no record of any prior or subsequent investigation or disciplinary

                                        17

1    action involving similar allegations or misconduct." (Id.)  Plaintiff's bald claim that the

2    "requested items do exist" is insufficient to rebut M. Cota's declaration.  As argued by

3    defendants, "[t]he Court will not permit a party to challenge the other party's objections based on

4    mere speculation." Carter v. Dawson, 2010 WL 4483814, at *5 (E.D. Cal. Nov. 1, 2010).

5    Plaintiff identified no document he claims defendants have withheld.  No further production to

6    Request Nos. 3 - 18 is required.

7        D.  Plaintiff's Request for Production No. 35

8            REQUEST FOR PRODUCTION NO. 35:  [35] For the above
             productions of items [1]-[34] to be authenticated in assurance and
9            preservation from spoilage, altered state/condition by an official
             qualified and competent to authenticate their originality.
10

11           RESPONSE TO REQUEST FOR PRODUCTION NO. 35:  This
             request is not a proper request for production of documents under
12           Federal Rule of Civil Procedure 34. Based on this objection,
             Defendants decline to produce any documents in response to this
13           request.

14   (ECF No. 55-1 at 29-30.)  Defendants' objection is sustained.  Request for Production No. 35 is

15   not a proper request for production of documents under Rule 34 of the Federal Rules of Civil

16   Procedure.  No further production of documents is required.

17       D.  Conclusion

18       Plaintiff's motion to compel further production of documents is partially granted and

19   partially denied.  Defendants are required to produce, within thirty days from the date of this

20   order, a further response to Request for Production No. 1, as set forth above.  In all other respects,

21   plaintiff's motion to compel further production as to Request for Production of Documents Nos. 3

22   through 18 and 35 is denied.

23   VII.   PLAINTIFF'S MOTION FOR AN EXPERT

24       Plaintiff seeks the appointment of an independent document examiner or handwriting

25   expert to evaluate an anonymous note which plaintiff claims is at the center of this case, alleging

26   that the ten defendants retaliated against plaintiff based on this anonymous note which defendants

27   allege plaintiff wrote, but plaintiff denies.  (ECF No. 51 at 3-4.)  Plaintiff contends that due to

28   defendants' connections, the Court should appoint the forensic unit of the FBI to evaluate the

18

note.  (Id. at 4.)  Defendants oppose the motion, arguing that Rule 706 of the Federal Rules of

Evidence does not permit the appointment of an expert to bolster plaintiff's theory of the case,

and because plaintiff proceeds in forma pauperis, public funds cannot be used to pay for expert

witnesses in civil cases for indigent litigants.  (ECF No. 54 at 1-3.)  In reply, plaintiff contends he

does not seek a neutral Court-appointed expert in any adjudicative capacity, but rather to examine

existing evidence.  (ECF No. 56 at 2-3.)  Plaintiff now argues the expert is needed to assist the

court in evaluating the anonymous note because "neither party nor the Court have the scientific,

methodical expertise to examine the document in question."  (Id. at 4.)

    A.  Applicable Law

        Federal Rule of Evidence 706 "permits a court to appoint a neutral expert to assist the

court to understand complex, technical, or esoteric subject matter."  Woodroffe v. Oregon, 2014

WL 1383400, at *5 (D. Or. Apr. 8, 2014) (citing Walker v. Am. Home Shield Long Term

Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999)).  However, "court appointment of experts is

appropriate only in 'rare circumstances' and should be reserved for 'exceptional cases.'"

Herrington v. Elliot-Blakeslee, 2016 WL 1420976, at *4 (D. Or. Apr. 11, 2016) (citation

omitted).  Courts do not typically appoint experts when the record has been adequately

developed, and the evidence or subject matter is not difficult to understand.  See id. (noting that

"court-appointed experts typically are used in complex litigation where the record is not clearly

developed by the parties," and denying a motion for a court-appointed expert because the facts

were "not particularly complex," the "subject matter or evidence [was] not difficult to

understand," the medical records were "clearly developed," and an expert witness, who was

"well-suited for [the] task," addressed the health risk question at issue).

        Ultimately, a "court's decision whether to appoint an expert is discretionary," but it is well

settled that "there is no statutory authorization for a court-appointed investigator for civil litigants

proceeding in forma pauperis."  Snow v. Mar, 785 F. App'x 465, 466 (9th Cir. 2019) (citing

Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1051 n.7 (9th Cir. 2002)).  Further, courts may not

appoint an expert to "represent the interests of one party."  DeJesus v. Godinez, 720 F. App'x

766, 772 (7th Cir. 2017) (citing Kennedy v. Huibregtse, 831 F.3d 441, 443 (7th Cir. 2016)); see

1  also Woodroffe, 2014 WL 1383400, at *5 (explaining that "[a] court may not . . . appoint an

2  expert on behalf of an indigent civil party" (citing Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.

3  1989)).

4      B. Discussion

5      The Court finds that plaintiff fails to demonstrate that his case is of such complexity that

6  the judicial appointment of a handwriting expert is necessary. See Skylstad v. Reynolds, 248 F.

7  App'x 808, 810 (9th Cir. 2007) (in prisoner's civil rights action for medical malpractice,

8  retaliation, excessive force, deliberate indifference to medical needs, unlawful search and seizure,

9  and due process violations, the district court did not error in declining to appoint experts to assist

10  prisoner because action did not involve complex scientific evidence of complex issues); Neal v.

11  Campbell, 459 F. App'x 656, 658 (9th Cir. 2011) (civil rights action alleging First Amendment

12  free exercise and retaliation claims "did not involve complex issues or evidence.").

13      Here, plaintiff pursues retaliation claims against defendants. The facts alleged are not

14  complex, and the subject matter or evidence is not difficult to understand. Moreover, plaintiff has

15  failed to demonstrate that a handwriting expert is necessary or would be useful to assist the trier

16  of fact to understand a material issue in this case. The Court exercises its discretion and denies

17  plaintiff's motion for appointment of an expert to evaluate the handwriting on the anonymous

18  note.

19  VIII.  ORDERS

20      Accordingly, IT IS HEREBY ORDERED that:

21      1.  Defendants' motion to compel further responses (ECF No. 49) is granted. Within

22          thirty days from the date of this order, plaintiff shall provide further responses to

23          Interrogatories Nos. 3 through 11, 12 through 16, and 22, and Request for Production

24          No. 3, and re-serve his exhibits (ECF No. 50 at 9-38) with an index identifying the

25          exhibit and the discovery request to which the document corresponds.

26      2.  Plaintiff's motion to compel (ECF No. 52) is partially granted and partially denied;

27          defendants are required to file a further response to plaintiff's Request for Production

28          of Documents No. 1 to produce any complaint filed in a lawsuit against any of the

named defendants based on retaliation allegations similar to those alleged herein, from five years prior to the filing of this action, October 21, 2017, to October 21, 2022; in all other respects, plaintiff's motion to compel further responses is denied.

3. Plaintiff's motion for appointment of an expert to evaluate the handwriting on the anonymous note (ECF No. 51) is denied.

4. Plaintiff's request for judicial notice (ECF No. 57) is denied.

5. Discovery is reopened and extended to January 30, 2026, for the sole purpose of resolving the discovery requests at issue herein.

6. In all other respects, discovery is closed, and the scheduling and discovery orders (ECF No. 41), as amended on April 21, 2025 (ECF No. 47), remain in effect unless otherwise modified by the Court.

7. The Clerk is directed to send plaintiff a copy of his exhibits.  (ECF No. 50 at 9-38.)

Dated:  December 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mccl1884.mtc2+

21