UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MCCLINTOCK,

Plaintiff,

v.

G. VALENCIA, et al.,

Defendants.

No. 2:22-cv-1884 TLN CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se. Plaintiff's motion to compel and motion for preservation are pending. As set forth below, plaintiff's motions are denied.

I. PLAINTIFF'S FIRST AMENDED COMPLAINT

On May 23, 2024, the district court ordered that this case proceed on the following claims: (1) First Amendment retaliation claims as to defendants G. Valencia, L. Cantu and T. Cooper (claims one, two and ten); (2) Plaintiff's claim that defendants Weaver, Luther and Hadden confiscated and destroyed a box of plaintiff's legal materials in retaliation for plaintiff pursuing litigation as evidenced by the materials in the box that were clearly labeled (claims five, six and seven); and (3) Plaintiff's claim that in August 2020, defendants J. Cantu, Vega, Sgt. T. Coker, and Lt. J. Charon violated plaintiff's rights by orchestrating the placement of a violent and unstable Level IV inmate into plaintiff's cell, failing to protect plaintiff from harm (claims three, eight and nine). (ECF No. 20 at 3 (addressing ECF No. 9).) These claims are based on incidents

that took place while plaintiff was housed at Mule Creek State Prison. (ECF No. 9 at 11-14.)

## II. BACKGROUND

On January 6, 2025, the Court issued the discovery and scheduling order. (ECF No. 41.)

On April 21, 2025, defendants' first motion to modify the discovery and scheduling order was granted, and the deadlines to file a motion to compel and to depose plaintiff were extended to July 1, 2025, and the pretrial motions deadline was extended to August 29, 2025. (ECF No. 47.)

On June 5, 2025, plaintiff's motion to compel production of documents (ECF No. 43) was denied. (ECF No. 48.) The discovery deadline was extended to August 1, 2025, solely to enable plaintiff to renew his motion to compel further production of documents following his conference with counsel for defendants. (Id.) The pretrial motions deadline was stayed pending further order of the Court. In all other respects, the prior scheduling and discovery orders (ECF Nos. 41, 47) remained in effect unless otherwise modified by the Court. (Id.)

On December 3, 2025, defendants' motion to compel further discovery responses (ECF No. 49) was granted, and plaintiff was ordered to provide, within 30 days, further responses to Interrogatories Nos. 3 through 11, 12 through 16, and 22, and Request for Production No. 3, and re-serve his exhibits (ECF No. 50 at 9-38) with an index identifying the exhibit and the discovery request to which the document corresponds. (ECF No. 58.) Further, plaintiff's motion to compel (ECF No. 52) was partially granted and defendants were required to file a further response to plaintiff's Request for Production of Documents No. 1 to produce any complaint filed in a lawsuit against any of the named defendants based on retaliation allegations similar to those alleged herein, from five years prior to the filing of this action, October 21, 2017, to October 21, 2022. (Id.) Discovery was reopened and extended to January 30, 2026, for the sole purpose of resolving the discovery requests at issue herein. (Id.) In all other respects, the Court noted discovery is closed, and the scheduling and discovery orders (ECF No. 41), as amended on April 21, 2025 (ECF No. 47), remained in effect unless otherwise modified by the Court. (ECF No. 58 at 21.)

On January 28, 2026, plaintiff's motion for extension of time to comply with the December 3, 2025 order (ECF No. 60) was granted, and plaintiff was granted 30 days to comply. (ECF No. 62.)

On January 30, 2026, plaintiff filed a motion for reconsideration of this Court's December 30, 2025 order, which is pending review by the district court. (ECF No. 64.)

On January 30, 2026, plaintiff filed his motion to compel (ECF No. 63) and motion for preservation (ECF No. 65). On February 9, 2026, plaintiff filed a document styled, "Judicial Notice" in which he states he received incomplete medical and mental health records which he promptly sent to counsel for defendants, noting that medical records from March 1, 2020 to June 22, 2020 were not included. (ECF No. 67 at 1.) On February 20, 2026, defendants filed oppositions to plaintiff's motions. (ECF Nos. 69, 70.) On March 9, 2026, plaintiff filed replies to defendants' oppositions. (ECF Nos. 71, 72.)

## III. STANDARDS GOVERNING DISCOVERY DISPUTES

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things, and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998) (citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381).

///

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

## IV. PLAINTIFF'S MOTION TO COMPEL

Plaintiff filed a motion styled, "Motion to Compel CDCR Electronic Medical and Mental Health Records to Produce and Relinquish Requested Documents of Patient/Plaintiff; Exhibits A & B Attached." (ECF No. 63 at 1.) Plaintiff claims the December 3, 2025 order compels plaintiff to deliver these health records which are being blocked or stalled from accessing by the CDCR. (Id. at 2.) Plaintiff claims he has sought these records three times since the Court order issued, without receiving any response. (Id.) Therefore, plaintiff asks the Court to order the CDCR to produce plaintiff's electronic medical and mental health records from January 1, 2020 to December 31, 2022, to the parties and to the Court. (Id.) Attached to plaintiff's motion are copies of his medical request forms and his purported further responses to defendants' discovery requests. (Id. at 3-10, 14-17.)

///

Defendants first oppose plaintiff's motion on the grounds that it is procedurally improper because the CDCR is a nonparty, and plaintiff must therefore use a subpoena if he wishes to obtain records from the CDCR. (ECF No. 70 at 5 (citing Fed. R. Civ. P. 37, 45).) Second, defendants object that plaintiff's motion exceeds the scope of the December 3, 2025 order and did not authorize plaintiff to file a motion to compel against a nonparty. (Id.) Third, defendants argue that plaintiff failed to meet his burden as the moving party because he identifies no discovery request (because none exists) and fails to explain the relevance of the information sought. (Id. at 5-6.)

In reply, plaintiff claims no reply is necessary because the issue is moot in light of plaintiff sending counsel for defendants two inches of material which plaintiff received after he filed his motion. (ECF No. 71 at 1.)

A. Governing Rules

Rule 37 authorizes motions to compel against parties. Fed. R. Civ. P. 37(a)(3)(B). A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). "Federal Rule of Civil Procedure 45(a)(1)(A)(iii) allows the district court in which an action is pending to command a nonparty to "produce designated documents, electronically stored information, or tangible things in that [nonparty]'s possession, custody, or control." Yao v. Chen, 2026 WL 1560578, at *2 (D. Ariz. May 22, 2026). Thus, in order to obtain records from nonparties, parties must use the subpoena procedure authorized by Rule 45(a).

B. Discussion

Defendants' opposition is well-taken. Plaintiff's "motion to compel" the CDCR to produce medical records is not properly subject to a motion to compel because the CDCR is not a

party to this action. Fed. R. Civ. P. 37. Therefore, plaintiff's motion to compel (ECF No. 63) is denied.

V. PLAINTIFF'S MOTION FOR PRESERVATION

A. The Parties' Positions

On January 30, 2026, plaintiff filed a motion styled, "Plaintiff's Motion for Preservation/ Spoliation Warning: Attached Copied Documents." (ECF No. 65.) Plaintiff seeks a court order preserving two pieces of evidence from 2020: (1) the original Form-22 request for interview addressed to D-yard Captain Luther on June 9, 2020, signed and dated by C/O Kearn, Building Officer for delivery; and (2) original anonymous note threat to murder staff. (ECF No. 65 at 1-2.) Plaintiff claims he was shown both original documents by G. Valencia on June 10, 2020. (Id. at 2.) Plaintiff claims this is his second notice to the defendants, warning them to preserve this evidence. (Id.)

Defendants oppose the motion, noting that plaintiff failed to set forth with particularity the grounds for seeking relief, failed to provide any case law or statutes supporting his motion, and failed to explain why the documents are at risk now, almost six years later. (ECF No. 68 at 1-2.) To the extent plaintiff seeks reconsideration of this Court's order denying plaintiff's motion for handwriting expert, defendants argue the motion is untimely and fails to present any new changed facts or circumstances. (Id. at 2.)

In reply, plaintiff claims it was prudent to put counsel on notice that he should warn defendants not to destroy documents, particularly since documents are prone to go missing, and argues the Court has authority to give such a warning. (ECF No. 72 at 1-2, 5.) In addition, plaintiff needed to do so because this Court denied plaintiff's motion for handwriting expert, and reiterated his reasons why such an expert is needed. (Id. at 2-5.)

B. Governing Standards

"A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b).

///

A duty to preserve arises the "moment that litigation is reasonably anticipated." Apple Inc., v. Samsung Elecs. Co., 881 F. Supp. 2d 1132, 1136 (N.D. Cal. July 24, 2012); Brewer v. Leprino Foods Co., 2019 WL 356657 at *25 (E.D. Cal. January 29, 2019). A party must preserve evidence that the party knows or should know is relevant to another party's claim or defense, or could lead to the discovery of such evidence. Perkins v. City of Modesto, 2020 WL 1333109 at *46 (E.D. Cal. Mar. 20, 2020). Once the duty attaches, a party must ensure all policies related to deleting or destroying files are suspended. Perkins, 2020 WL 1333109 at *46. Further, simply making "some effort" is not sufficient. Id. (citing Apple Inc., v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 991-92 (N.D. Cal. Aug. 21, 2012)).

B. Discussion

As argued by defendants, plaintiff's motion for preservation fails to "state with particularity the grounds for seeking relief" in violation of Rule 7(b) of the Federal Rules of Civil Procedure. In addition, plaintiff provided no legal authority to support the motion. Plaintiff does not allege that documentary evidence has been destroyed. Therefore, plaintiff's motion (ECF No. 65) is denied.

The Court declines to construe plaintiff's motion as a motion for reconsideration of this Court's December 3, 2025 order denying plaintiff's motion for handwriting expert because plaintiff already filed a motion for reconsideration which is pending before the district court.

VI. ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 63) is denied.
2. Plaintiff's motion for preservation (ECF No. 65) is denied.

Dated: August 11, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mccl1884.mtc3